IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MARAVILLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-1309 |
| | § | |
| GRUMA CORPORATION, d/b/a MISSION TORTILLAS, | § § § | JURY DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JESUS MARAVILLA, by and through his undersigned counsel, file this Collective Action Complaint and aver as follows:

**A. NATURE OF ACTION**

1. This is a Collective Action Complaint brought to obtain relief on behalf of a class of individuals who operate(d) as product distributors for Defendant, Gruma Corporation d/b/a Mission Tortillas, (collectively "Gruma") and who Defendant classify or classified as independent contractors. Plaintiff alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Defendant employed "distributors" to deliver **tortillas, tortilla chips and other food products** to their customers (primarily grocery stores, mass retailers, and fast food chains). In addition to delivering Gruma's products to Defendant customers, distributors

      stock the products on store shelves, retrieve outdated product, and assemble promotional displays designed and provided by Defendant.

3. The FLSA collective group consists of all individuals who operate(d) as distributors for Gruma, and are or were classified as independent contractors anywhere in Texas, at any time during the applicable limitations period ("Class" or "Distributors").

4. This action challenges both the classification of distributors as independent contractors and Defendant's denial to Plaintiff and the Class of the rights, obligations, privileges and benefits owed to him as an employee.

### B.  JURISDICTION AND VENUE

5. Plaintiff's claims arise under the FLSA. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

7. Upon information and belief, there are more than 50 members of the proposed Federal Collective Group.

### C.  THE PARTIES

8. Plaintiff, Jesus Maravilla, is an individual residing in Pasadena, Harris County, Texas who works as a Gruma distributor in Texas. He performs Defendant's delivery and merchandizing services of tortillas, tortilla chips and other food products to local retailers of Gruma. Plaintiff Jesus Maravilla operates out of one of the many warehouses that receive their products from Gruma's main distribution center. Both the distribution center and warehouses are run by the Gruma Corporation. Plaintiff regularly works 60-70 hours per week and does not and has not received overtime premium pay at any time during the

relevant time period.

9. Defendant, Gruma Corporation, is a Foreign For-Profit corporation with its principal place of business at 1159 Cottonwood Lane, Suite 200, Irving, Texas 75038. Gruma hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to **grocery stores, retailers and fast-food chains**; and stocking the products on store shelves. Upon information and belief, Gruma employs distributors in at least 10 different states. Gruma sales for FY 2014 were $2.63 billion.

10. Defendant, Gruma Corporation, may be served with process via certified mail return receipt requested by serving a copy of Plaintiff's Original Petition in its Registered Agent of Service: Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

### D.  COLLECTIVE ACTION ALLEGATIONS

11. For purposes of this action, the "relevant period" is defined as that period commencing three years prior to the date this lawsuit was filed, and continuing thereafter.

12. Plaintiffs bring this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "Federal Collective Group" is defined as:

> All individuals who, through a contract with Defendant or otherwise, performed or perform as Distributors for Defendant under an agreement with Gruma Corporation d/b/a Mission Tortillas and who were classified by Defendant as "independent contractors" (collectively "Covered Positions") anywhere in Texas at anytime from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

13. The "Federal Collective Group" also includes the named Plaintiffs in this action. Plaintiffs reserve the right to modify this definition prior to conditional certification of the collective group.

14. Plaintiffs, along with current and former employees of Defendant, in Covered Positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of controlling their daily job functions.

15. Questions of law and fact that are common to the proposed Federal Collective Group predominate over any individual questions. Among such common questions of law and fact include:

    a. Whether Route Distributors are employees subject to Gruma's control and thus entitled to relief under the Fair Labor Standards Act?

    b. Whether Route Distributors are entitled to overtime pay premiums under federal law?

16. Defendant regularly permitted and required Plaintiffs and members of the proposed Federal Collective Group to work more than 40 hours per week without overtime compensation.

17. Upon information and belief, Defendant knew that Plaintiffs and all similarly situated individuals performed work that required overtime pay.

18. Defendant operated under a scheme to deprive Plaintiffs and members of the proposed Federal Collective Group of overtime compensation by failing to promptly compensate them for all time worked.

19. Defendant's conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and all similarly situated individuals.

20. The complaint of Plaintiffs, and those similarly situated, for violations of the FLSA may be brought and maintained as an opt-in" collective action pursuant to U.S.C. § 216(b) because the claims of the Plaintiffs are similar to the claims of current and former "independent contractors" who worked for Defendant.

21. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated employees are known to Defendant and are readily available through Defendant's payroll records.

### E. FACTUAL BASIS

22. Defendant, Gruma Corporation, is a business that consists of distributing tortillas, tortilla chips and other food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities integrating Class members into that existing network of operations. Defendant, Gruma, d/b/a Mission Tortillas operates several of its warehouses facilities.

23. Defendant, Gruma, by and through its subsidiaries such as Defendant Mission Tortillas, is involved in interstate commerce through shipment of tortillas and snack products to warehouses. Thereafter, Distributors, such as Plaintiffs and members of the proposed Federal Collective Group, arrive at a warehouse early in the morning and load their vehicles with Defendant's products.

24. The distributors then deliver the product to Defendant's retail customers according to guidelines and schedules negotiated between Defendant and their retail customers.

25. In an effort to perpetuate a scheme that would deny Plaintiffs and those similarly situated

the rights and benefits provided by the FLSA, Defendant requires all potential Distributors to "purchase" a predetermined territory in support of its efforts to classify them as independent contractors.

26. The distributor agreement between Defendant and its distributors (including Plaintiffs) has no specific end date and can be terminated by either party at any time with limited notice.

27. Defendant, Gruma, markets its products to retailers such as Wal-Mart, Target, Dollar General, and other grocery stores and mass merchants. Defendant, Gruma, negotiates with the retailers to set virtually all terms of the relationship including:

   a. Wholesale and retail prices for products;

   b. Service and delivery agreements;

   c. Shelf space to display products;

   d. Product selection;

   e. Promotional pricing for products;

   f. The right to display promotional materials;

   g. Print advertisements in retailers' newspaper ads; and

   h. Virtually every other term of the agreement.

28. Defendant, Gruma, often negotiates the above terms for tortillas, tortilla chips and other food products (which are distributed by Plaintiffs and members of the proposed Federal Collective Group). The result is that Distributors' job duties and ability to earn income are tied directly to the sale and promotion of products outside of their control.

29. The relationship between each member of the Class and Defendant is essentially the same in material respects.

30. Plaintiff and members of the proposed Federal Collective Group must strictly follow Defendant instructions and adhere to the pricing, policies, and procedures negotiated between Defendant and their retailer-customers.

31. Distributors use (and pay a monthly rental fee) Defendant's hand-held computer to log the delivery, and Defendant bills its customers using the data entered into the computer by the Distributor. The terms of the sale are negotiated between Defendant and its retailer-customer.

32. Distributors place Defendant's products on the retailer-customer's shelves, remove stale or rejected product, and organize the retailer-customer's display shelf. If Defendant is running a sale or promotion, the Distributor also stocks and constructs the promotional display.

33. Defendant represented to Plaintiff and other Distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

34. Contrary to its representations, Defendant denied Plaintiff and other Distributors benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

    a. The right to negotiate the wholesale price for the purchase and sale of products in all but their smallest of accounts;

    b. The right to negotiate shelf space in the stores in the Distributor's territory;

    c. The right to negotiate the retail sales price for products;

    d. The right to establish all sales and promotions and to require Distributors to follow them;

    e. The right to change orders placed by Distributors, to require them to pay for product

they did not order, load it on their trucks, deliver it to stores, maintain the product in store, remove the product from the store, and return in to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of the product;

    f. The right to discipline Distributors, up to and including termination, for reasons including taking time off of work or refusing a specific order to deliver a product to a particular store at a particular time;

    g. The right to handle customer complaints against the distributor and to take disciplinary action against the distributor based on such complaints;

    h. The right to withhold pay for specified expenses;

    i. The right to unilaterally terminate the employment relationship;

    j. The right to unilaterally vary the standards, guidelines, and operating procedures; and

    k. Various other rights reserved by Defendant.

35. Defendant not only retained the rights listed above, but it exercised the rights as well.

36. Plaintiff received 10-99 forms at the end of the year.

37. Plaintiffs and the proposed Federal Collective Group were, or are, required to accept Defendant's conditions of employment or face termination.

38. Plaintiff and the proposed Federal Collective Group were, or are, prohibited from carrying, delivering or transporting any competitive products.

39. At times, Defendant modified a Distributor's order to increase the amount of the order. If a distributor refuses the additional product, Defendant bills the distributor for the product and deducts the cost from the Distributor's wages.

40. Defendant requires the Distributors to process all transactions through a hand-held

computer provided by Defendant. The hand-held computer controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

41. At the end of every day, Plaintiff and members of the proposed Federal Collective Group are required to print out an order from the hand-held computers and submit the order to Defendant at the end of the day.

42. Defendant controls the Plaintiff and the proposed Federal Collective Group's opportunities for profit or loss by both controlling wholesale pricing and negotiating retail pricing. Specifically, Defendant negotiates the sale of its products with major retailers. Plaintiff and members of the proposed Federal Collective Group then deliver the product to store locations per the agreement between Defendant and the retailer. Plaintiff lacks discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

43. Territories for each distributor are exclusive to each route distributor, but Gruma retains the right and exercises the right to enter and negotiate with the route distributor's stores in any territory.

44. Distributors' investment in equipment to operate their route is relatively low. Many distributors use their personal vehicles and a trailer to transport Gruma products to retailers. Apart from the purchase of a small trailer, there is no other investment necessary because Defendant provides computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity. Defendant even arranges for insurance and vehicle financing on behalf of Distributors; Distributors pay

for insurance through wage deductions.

45. The distribution job performed by Plaintiff and members of the proposed Federal Collective Group does not require specialized skills.

46. Because they were miss-classified as non-employees, Plaintiff and members of the proposed Federal Collective Group were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

47. Plaintiff and members of the proposed Federal Collective Group have incurred expenses for equipment, insurance, product loss, product return, and other expenses that Defendant has required them to purchase or pay, or that are necessary for their work.

48. Distributors work, on average 60-70 hours during a seven-day workweek for which no Plaintiff or, upon information and belief, no member of the proposed Federal Collective Group has received overtime premium wages.

49. Plaintiff is aware of other distributors who worked 50 or more hours per week on average without receiving overtime premium wages.

50. Defendant's mischaracterization of the Distributors as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendant and the distributors, and the denial of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendant which this Court should enjoin.

### F. CAUSE OF ACTION: FAILURE TO PAY OVERTIME TO FEDERAL COLLECTIVE GROUP

51. Plaintiff re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

52. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> 29 U.S.C. § 207(a)(1).

53. There are no exemptions applicable to Plaintiff or to other members of the Federal Collective Group.

54. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint.

55. At all relevant times, Defendant had a gross operating revenue in excess of $500,000.

56. In committing the wrongful acts alleged to be in violation of the FLSA, Defendant acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Plaintiffs and other members of the Federal Collective Group.

57. As a result of Defendant's failure to pay overtime premium wages, Plaintiffs and other members of the Federal Collective Group were damaged in an amount to be proved at trial.

58. Therefore, Plaintiff respectfully demand that they and other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties and attorneys' fees as provided by law.

### G. PRAYER FOR RELIEF

WHEREFORE, Plaintiff request of this Court the following relief on behalf of themselves, all members of the Class and all other similarly situated individuals:

a. That the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

b. That the Court enter an order for declaratory and injunctive relief designating the Plaintiffs and members of the Federal Collective Group as employees and enjoining Defendant from pursuing illegal policies, acts, and practices described in this complaint;

c. Judgement declaring the Defendant's conduct as willful;

d. Judgment awarding Plaintiff and others similarly situated all unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

e. An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully submitted,



　/s/ *Alfonso Kennard, Jr.*　　
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No. 713316
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Yanice Colon-Pol
Texas Bar No. 240339664
Southern District No. 3136493
Kennard Richard, P.C.
2603 Augusta Dr., Ste. 1450

Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: Yanice.Colon@kennardlaw.com